```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LENNOX M. LONDON,

                    Plaintiff,
                                                MEMORANDUM AND ORDER
          -against-                             20-CV-0636 (JS)(AKT)

NASSAU COUNTY CORRECTIONAL FACILITY,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Lennox M. London, pro se
                   1505154
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, New York 11554-1146

For Defendant:     No appearances.
```

SEYBERT, District Judge:

On February 14, 2020, incarcerated pro se plaintiff Lennox M. London ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Center (improperly named as the "Nassau Jail ("the Jail") together with an incomplete application to proceed in forma pauperis. (See First IFP Mot., D.E. 2.) Accordingly, by Notice of Deficiency dated February 20, 2020, Plaintiff was advised to complete and return the enclosed in forma pauperis application within fourteen (14) days. (See D.E. 6.) On February 28, 2020 Plaintiff filed an Amended Complaint also against the Jail. (See, Am. Compl., D.E. 7.) On March 2, 2020, Plaintiff filed a complete application to proceed in forma pauperis. (Second IFP Mot.,

D.E.8.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons that follow, the Amended Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## BACKGROUND[1]

Plaintiff's handwritten Amended Complaint is submitted on the Court's Section 1983 complaint form with an additional two pages of attachments. (See Am. Compl.) Plaintiff generally complains about the conditions of his confinement at the Jail as well as the adequacy of the medical treatment provided to him. Plaintiff complains about the "nasty" and "disgusting" conditions at the Jail. (See Am. Compl. at 4.) Plaintiff alleges that the Jail is moldy and has fungus, that lead paint is peeling and the ceiling leaks. (See Am. Compl. at 4-7.) Plaintiff describes the conditions as "filthy" and complains of "rat feces in my cell" as well as mice, flies, roaches and spiders. Plaintiff claims that he has frequent nose bleeds and difficulty breathing as a result

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

of these conditions. (Am. Compl. at 4-5.) As a result of the foregoing, Plaintiff seeks to recover, inter alia, a damages award in the sum of one million dollars. (Am. Compl. at 7.)

## DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d

197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at

least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

    A.   Claims against the Jail

Plaintiff's Section 1983 claims against the Jail are not plausible because it does not have an independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Lukes v. Nassau Cty. Jail, 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011).

Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status, the Court has considered whether he has alleged a plausible claim if his claims were to be construed as against the municipality, Nassau County. For the reasons that follow, the

Court finds that he has not.

    B.   <u>Claims as Construed against Nassau County</u>

It is well-established that a municipality, such as Nassau County, cannot be held liable under § 1983 on a <u>respondeat superior</u> theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. Cty. of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011) (quoting <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, <u>see</u> <u>Connick</u>, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, <u>i.e.</u>, officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, <u>see</u> <u>Amnesty Am. v. Town of W.</u>

Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, Plaintiff fails to plead any factual allegations from which the Court may infer that the conduct of which Plaintiff complains of was caused by a policy or custom of Nassau County. Accordingly, even affording the pro se Amended Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 claim against

7

Nassau County.

IV. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT in accordance with the guidance set forth below.

Plaintiff's Second Amended Complaint must be labeled as a "Second Amended Complaint," bear the same docket number as this Order, 19-CV-0636, and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that the Second Amended Complaint completely replaces the prior filings. Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Second Amended Complaint. If Plaintiff does not file a Second Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against the Jail are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1).

8

Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT in accordance with this Order. The Second Amended Complaint must be labeled as a "Second Amended Complaint," bear the same docket number as this Order, 19-CV-0636, and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that the Second Amended Complaint completely replaces the prior submissions. Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Second Amended Complaint. If Plaintiff does not file a Second Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT  
JOANNA SEYBERT, U.S.D.J.

Dated: April   15  , 2020  
       Central Islip, New York